(55 Misc. Rep. 386.)

### WEBER v. CREDIT OFFICE.

(Supreme Court, Special Term, New York County. July, 1907.)

LIBEL—WORDS ACTIONABLE PER SE.

An attorney brought an action for libel, alleging that defendant wrote plaintiff's client that plaintiff was "only taking the matter up in order to get a fee out of you, as he is not looking after your interests at all." *Held*, that the words were actionable per se.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 80–90.]

Action by Joseph Weber against the Credit Office. Demurrer to complaint overruled.

J. Weber, for plaintiff.
W. C. Schoup, for defendant.

BISCHOFF, J. The complaint charges the publication of a libel in the sending of a letter by the defendant to a client of the plaintiff, an attorney at law, containing the following words:

"We have seen your attorney, and he positively refuses to pay the costs. As far as we can see, he is only taking the matter up in order to get a fee out of you, as he is not looking after your interests at all."

Clearly, beyond the need of argument, the words used charge the plaintiff with an attempt to sacrifice the rights of his client for his own profit—an attempt which involves actual dishonesty in a relation of peculiar trust and confidence. Thus the statement necessarily affects the plaintiff directly in his profession. It goes to his personal integrity, which is a vital quality in his relations with his clients, and the charge must, according to any reasonable acceptance, be deemed to be pointed to his fitness to act as a lawyer in any case. The mere expression of opinion of a lawyer's skill in particular matters may not, as is suggested by the defendant, be taken as libelous per se; but the words before me bear no such restricted meaning. General unfitness is charged, in effect, and the plaintiff is clearly affected in his profession by the matter published. The demurrer is therefore overruled, with costs, with leave to the defendant to withdraw the demurrer and answer upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer upon payment of costs within 20 days.